**Affirmed and Majority and Concurring Opinions filed September 29, 2011**



In The

# Fourteenth Court of Appeals

## NO. 14-10-00292-CR

**LEON CHARLES JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1187678**

## C O N C U R R I N G   O P I N I O N

The court today creates a test for evaluating whether a trial court has abused its discretion in refusing to allow trial counsel to withdraw from representation. The only basis for appellant's trial counsel's motion to withdraw was that this attorney allegedly was a witness to a prior inconsistent statement allegedly made by a witness who testified at trial. Appellant did not offer into evidence any testimony by the attorney to support this claim. Nor did appellant inform the trial court as to the nature of the alleged prior inconsistent statement that his attorney allegedly witnessed. The nature of any such

statement was not apparent from the context of the proceedings before the trial court. And, the record does not show that counsel's testimony would have been the only source of the information. For these reasons, the trial court did not abuse its discretion by denying appellant's counsel's motion to withdraw, and this court should so hold without creating and applying a new six-factor balancing test.

## Waiver Based Upon Failure to Make a Proper Record

One of appellant's two trial attorneys, Thomas Lewis, asserted in the trial court that he was a witness to a prior inconsistent statement allegedly made by Gabbriel Johnson, a trial witness. Based upon this assertion Lewis moved to withdraw as appellant's counsel. The majority's analysis is based on the premise that Lewis was a material witness on behalf of appellant. Because appellant never made a record of what testimony Lewis would have given, appellant has waived any argument that the trial court should have granted Lewis's motion to withdraw based upon this testimony. *See Gonzalez v. State*, 63 S.W.3d 865, 878 (Tex. App.—Houston [14th Dist.] 2001) (concluding that, because an accused failed to make tapes or a transcript of their contents part of the record, he waived any argument based on the tapes in response to the State's motion to disqualify), *aff'd*, 117 S.W.3d 831 (Tex. Crim. App. 2003). This testimony was the only basis for appellant's counsel's motion to withdraw. The failure to identify the statement is fatal for purposes of appellate review.

### *Failure to Identify Alleged Statement*

Our record does not contain key information necessary to make a threshold determination as to whether Lewis was a material witness for his client. Because Lewis's cross-examination of Gabbriel Johnson was not limited to a single subject, the alleged inconsistent statement, which was never identified, may have concerned a subject that was not material to the case.

During cross-examination, Gabbriel Johnson testified to a number of matters, including her relationship to appellant, her various conversations with law enforcement

2

officers, what she knew about aspects of the investigations and her brother being a suspect, where she lived and how long she had lived there, and what she did, where she was, and whose company she kept on the day of the shooting. Specifically, Gabbriel Johnson testified as follows:

> Q: (By Mr. Lewis) Ms. Johnson, you and I have talked before, haven't we?
>
> A: Yes, sir.
>
>  . . .
>
> Q: (By Mr. Lewis) Anthony Johnson is your brother, isn't he?
>
> A: Yes, sir.
>
> Q: And he's also known as Sarge?
>
> A: Yes.
>
> Q: And you talked to the police on several occasions about the investigation of this case, didn't you?
>
> A: Yes.
>
> Q: And you knew, based on those conversations, that Sarge was a suspect in this case, didn't you?
>
> > [Prosecutor]: Judge, I'll object to speculation.
> >
> > Mr. Lewis: If she knows.
> >
> > The Court: As to the form of the question, I'll sustain the objection.
>
> Q: (By Mr. Lewis) Did you have—from your personal knowledge, did you know that he was a suspect?
>
> A: Yes.
>
> Q: You love your brother, don't you?
>
> A: Yes.
>
> Q: Ms. Johnson, you said—it was your testimony that you lived in the Copper Tree Apartments?
>
> A: Yes.
>
> Q: And you told counsel that you were just hanging out with your mom in the car?
>
> A: Yes. I had lived there for, like, a month prior with a friend.
>
> Q: Okay. But on the day of the shooting, you were hanging out in your car?

3

A: Yes.

Q: With the radio on?

A: Yes.

Q: Loud?

A: Yeah.

Q: Why were you hanging out in the car and not in your apartment?

A: Because it was a hot day. We were outside eating. Just hanging out.

Q: You weren't doing anything else in the car?

A: Eating barbecue.

Q: Ms. Johnson, you and I have had a discussion in Harris County jail on the second day of March about this case, haven't we?

A: Yes.

Q: And I asked you questions about this case, didn't I?

A: Yes.

Q: And you answered my questions about this case, didn't you?

A: Yes.

Q: Isn't it true that you told me you didn't see the shooting at the time?

A: No.

After this response, at a bench conference, appellant's trial counsel moved to withdraw as attorney of record, claiming to have been a witness to a prior inconsistent statement Gabbriel Johnson allegedly made on a previous occasion. Appellant's trial counsel did not state or even characterize the purported prior inconsistent statement that counsel allegedly witnessed. The trial court denied the motion to withdraw. In the jury's presence, Lewis posed the following questions before passing the witness:

Q: Ms. Johnson, on that occasion of March the 2nd, 2010, when I spoke to you in the jail, did you tell me that the only thing you saw was Leon running by your car?

A: No. We talked about more than that.

Q: Was your initial statement to the police that you did not see a gun?

A: No.

Lewis did not make a bill showing any evidence that would impeach any of Gabbriel Johnson's testimony. Texas Disciplinary Rule of Professional Conduct 3.08, entitled "Lawyer as Witness," provides:

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case;

(4) the lawyer is a party to the action and is appearing pro se; or

(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a), *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9) (West 2005). To trigger Rule 3.08 and potentially justify a withdrawal of representation during trial, the lawyer must be a "witness necessary to establish an essential fact on behalf of the lawyer's client." *Id.* Lewis stated only that "I am a witness as to a prior inconsistent statement by a witness, Gabbriel Johnson." Notably, counsel never said what the alleged prior inconsistent statement was or what counsel's testimony would be. Lewis did not even characterize the prospective testimony as material. If appellant had offered testimony by his attorney and made a record as to this testimony, then the trial court (and this court) would have a basis for assessing whether this attorney was a witness necessary to establish an essential fact on appellant's behalf.

On the record in the case under review, appellant's counsel did not describe the nature of the alleged prior inconsistent statement that he witnessed. It is possible that the alleged prior statement conflicted with some other aspect of Gabbriel's statement. For

example, the inconsistency could have related to her relationship with her brother, where she lived or how long she had lived there, whether she and her mother were in Gabbriel's car at the time of the shooting or whether they were doing something other than what she described before the shooting. The nature of any such prior inconsistent statement was not apparent from the context of the proceedings before the trial court. Absent any description of what the alleged prior inconsistent statement was or the testimony appellant allegedly wanted to elicit from one of his trial attorneys, the trial court did not err in denying the motion of this attorney to withdraw.

### *Failure to Establish Attorney's Testimony Was Only Source of Evidence*

To the extent that trial counsel suggested to the trial court, and appellant now claims on appeal, that appellant would have needed to rebut or impeach Gabbriel Johnson's testimony about their prior discussion, any other evidence of that conversation would have sufficed, and Lewis would not have needed to testify. *See Gonzalez v. State*, 63 S.W.3d 865, 878 (Tex. App.—Houston [14th Dist.] 2001), *aff'd*, 117 S.W.3d 831 (Tex. Crim. App. 2003). To fully consider the argument, the trial court and this court would need to actually consider the evidence supporting trial counsel's claim. *See Gonzalez*, 63 S.W.3d at 878. As noted, there is no way to tell from the record what Lewis would have said under oath. Though given the opportunity to make a bill, Lewis did not make a record of what his testimony would have been.

Moreover, the record does not show whether Lewis was the only source of any such evidence or whether others might have been able to testify concerning the facts that Lewis knew. Though Lewis stated that he did not bring anyone with him to his interview with Gabbriel Johnson, he did not say others did not witness the alleged statements or that the witness was not known to have made the same or similar statements to others. Nor did Lewis state that his testimony was the only means of impeaching the witness on this point.

6

## Conclusion

A trial court's determination as to whether to grant a motion to withdraw is typically a fact-intensive inquiry, and there are different bases upon which an attorney may move to withdraw from representation.  In the case under review it is clear that the trial court did not abuse its discretion by denying the motion to withdraw, and there is no need to adopt a six-factor test to apply in reviewing trial court rulings on all motions to withdraw.


/s/  Kem Thompson Frost
    Justice


Panel consists of Chief Justice Hedges and Justices Frost and Christopher. (Christopher, J., majority).

Publish — TEX. R. APP. P. 47.2(b).

7